OPINION of the Court, by
Judge Boyle.
-The only question to be decided in this case is, whether in the general issue in an action of assumpsit, the defendant can be permitted to go into evidence to shew that the contract or agreement was prohibited by the statute against gaming ?
In this action, the plea of non assumpsit puts the plaintiff upon the proof of every thing which it was incumbent upon him to state in his declaration ; and enables the defendant to prove any thing which shews that the plaintiff has no demand upon him. Hence it is a general rule, that whatever goes to the git of the action, or disaffirms the contract, may be given in evidence upon the general issue.
Thus it has been held, that the contract was usurious, may be given in evidence — 1 Stra. 498. So it is laid down in 4th Bacon old ed. title pleas and pleadings, p. 61, that every thing that, shews the contract to be void, as nonage, or more money lost at play than the statute allows, may be given m evidence on the general issue.
It would be a flagrant inconsistency in the law to require the plaintiff, not only to allege, but to prove a legal and valid consideraron, and at the same time to prohibit the defendant from shewing that the consideration was illegal and void. Snch an inconsistency, however, is not justly imputableto the law in this respect. 1⅛ *615 s-Nies are equal and reciprocal in their operation. What they require one party to prove, they permit the other to disprove.
The opinion of the circuit court that the defendant could not avail himself of the statute of gaming, under the general issue, is therefore clearly erroneous.
Judgment reversed.